# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00177-MR
# CRIMINAL CASE NO. 2:12-cr-00008-MR-DLH

| | |
|---|---|
| ADAM CHRIS LAMBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). [CR Doc. 28]. The presentence report, prepared in anticipation of the Petitioner's sentencing hearing, recommended that his Guidelines calculation begin with an enhanced Base

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-177-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 2:12-cr-8-MR-DLH.

Offense Level. PSR at ¶ 15. [CR Doc. 25 at 5]. Pursuant to U.S.S.G. § 2K2.1(a)(2), Petitioner's Base Offense Level was 24 instead of 14 because Petitioner's prior felony convictions for Aggravated Assault and Robbery with a Dangerous Weapon met the Guidelines' definition of "crimes of violence." PSR at ¶¶ 30-31. [Id. at 7-8]. The Court adopted this recommendation and ultimately sentenced Lambert to a term of imprisonment of 70 months. [CR Doc. 28 at 2].

On June 17, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Lambert contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior felony conviction for Aggravated Assault no longer qualifies as a "crime of violence" under the Guidelines.[2] Consequently, Lambert argues that the enhanced Base Offense Level of his Guidelines calculation was improper and thus his sentence is unlawful. [Id. at 2-4].

In response to Lambert's petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. The government notes that this case will likely be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted,

---

[2] Lambert does not challenge his prior North Carolina felony conviction for Robbery with a Dangerous Weapon. [CV Doc. 1 at 4].

2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause contained in the Guidelines' provision, § 4B1.2(a)(2), defining "crime of violence."

Based upon the reasons given by the government, and without objection by Lambert, the Court concludes that the government's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.**

Signed: August 2, 2016

Martin Reidinger
United States District Judge